UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA A. PUCKETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-1223 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CHILDREN AND FAMILY SERVICES, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is Petitioner Lisa A. Puckett's ("Puckett") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to review the Petition to determine whether it plainly appears that Puckett is not entitled to any relief. For the reasons stated herein, the above-titled petition [#1] is SUMMARILY DISMISSED.

On August 29, 2006, Puckett filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Puckett is sixteen years old. Puckett argues that her constitutional rights are being violated because (1) she is being held against her will; (2) her conviction was obtained through a coerced confession; (3) she is being denied effective assistance of counsel; (4) she is being denied the right to visit with family; and (5) her Eighth Amendment rights are being violated. Admittedly, it is very difficult to decipher the true nature of Puckett's claims. On one hand, she claims that she is being held against her will by DCFS. On the other hand, she argues that her conviction was unlawful. The Court recognizes that minors are usually only

placed in the custody of DCFS in the event of parental abuse or neglect and not as a result of a criminal conviction and therefore it is unclear why Puckett is bringing this action against DCFS based on allegations regarding her criminal case. Regardless, as it appears that she currently has an appeal pending in the state courts, her petition must be denied.

Section 2254(b)(1)(A) provides that an application for Writ of Habeas Corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). In this case, by Puckett's own admission, it is clear that she has not exhausted her available state court remedies. In her petition, Puckett states that she currently has an appeal pending in the state appellate court. Accordingly, it is clear that Puckett has not exhausted her state court remedies because she has an appeal pending and if the result of that appeal is unfavorable, she will be able to file a petition for leave to appeal with the Illinois Supreme Court. As Puckett has failed to exhaust her state court remedies, her petition must be summarily dismissed.

ENTERED this 31st day of August, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge